Opinion filed July 26, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed July 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00042-CR

                                                     __________

 

                             LOUIS
CARLOS GUTIERREZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                             On
Appeal from the 32nd District Court

 

                                                             Nolan County,
Texas

 

                                                       Trial
Court Cause No. 9500

 



 

                                                                   O
P I N I O N      








Louis Carlos Gutierrez appeals his conviction by a
jury for the offenses of aggravated sexual assault, indecency with a child by
contact, and indecency with a child by exposure.  The court assessed his punishment at
fifty-five years, twenty years, and ten years in the Texas Department of
Criminal Justice, Institutional Division, to run concurrently, and a fine in
each cause of $10,000.  In a single
issue, Gutierrez contends that his conviction for indecency with a child by
exposure must be set aside on double jeopardy grounds because the exposure was
incidental to the higher inclusive offenses of aggravated sexual assault and
indecency with a child by contact, the other two offenses for which Gutierrez
was convicted.  We affirm.

Because Gutierrez did not raise the issue of
double jeopardy at trial, we must first determine whether the issue is
preserved for our review.  Due to the
fundamental importance of double jeopardy protections, a double jeopardy claim
may be raised for the first time on appeal when the double jeopardy violation
is clearly apparent on the face of the record and when enforcement of the usual
rules of procedural default serves no legitimate purpose.  Gonzalez v. State, 8 S.W.3d
640, 643 (Tex.
Crim. App. 2000). 

The indictment alleges in three counts that on or
about March 1, 2001, Gutierrez caused the penetration of the complainant=s mouth with his sexual organ, caused
her to touch his genitals, and exposed his genitals to her.  The complainant testified that, in a house on
McCauley Street
,
Gutierrez pulled down his pants and made her stick her mouth on his penis.  She added that he made her put her hands on
his penis and move them up and down.  She
insisted that she could see his penis. 
The complainant also testified concerning two other occasions at two
other locations when Gutierrez pulled down his pants and told her to suck his
penis.

In the court=s
charge, the jury was asked to find whether Gutierrez committed any of the three
alleged offenses on or about March 1, 2001, but it was instructed that the
State was not bound by the date alleged but need only prove that the offense
was committed any time prior to the return of the indictment that was within
the period of limitation.  Gutierrez=s contention that his conviction for
indecency with a child by exposure is barred by the United States Constitution=s prohibition against multiple
punishments for the same offense is based on the assumption that the exposure
occurred during the same criminal episode that resulted in his convictions for
the other two offenses.

However, based upon the testimony showing at least
three different occasions of exposure and the charge, the jury could reasonably
have convicted Gutierrez of exposing himself on a different occasion than the
occasion or occasions for which they convicted him for aggravated sexual
assault and indecency with a child by contact.  









Gutierrez asserts that all three of his
convictions must relate to the McCauley
 Street episode because it occurred on March 1,
2001, the date alleged in the indictment. 
He first refers us to the complainant=s
testimony outside the presence of the jury. 
In that testimony, she testified that the last time this happened, on
March 1, 2001, she lived in the house on McCauley.  She also indicated, just as she later did
before the jury, that it also happened on two other occasions.  She did not mention the date of March 1,
2001, in her testimony before the jury concerning the assault on McCauley.  The complainant=s
testimony to which Gutierrez refers does not establish that the exposure for
which Gutierrez was convicted was committed at the same time as the aggravated
sexual assault or indecency with a child by contact offenses for which he was
convicted, inasmuch as there were at least a total of three occasions in which
Gutierrez exposed himself to the complainant while compelling her to suck on
his penis.  

Gutierrez also refers us to the State=s Notice of Extraneous Crimes, Wrongs,
or Bad Acts.  His contention is that
those offenses contained in the list, since the State concedes they are
extraneous offenses, could not be offenses for which he could be convicted.  The list contains only one offense of
indecency by exposure, which allegedly occurred on December 12, 2000.  Other than the March 1, 2001 date mentioned
outside the presence of the jury, no specific date was attached to any of three
allegations of exposure that was established by the testimony.  Inasmuch as there were three instances of
exposure in the record, of which one was identified by specific date outside
the jury=s
presence, but only one instance of exposure was included within the State=s Notice of Extraneous Crimes, Wrongs,
or Bad Acts, it does not establish that the exposure for which Gutierrez was
convicted occurred at the same time or during the same criminal episode as his
convictions for aggravated sexual assault or indecency with a child by contact.

Gutierrez also refers us to the prosecutor=s final argument, in which she said:

And I tell you what else you know is true.  You know that when you look at this Charge,
you know that he=s guilty
of penetrating the mouth of that child with his penis on or about March 1st of
2001; you know that he=s
also guilty of having her touch him for his own sexual gratification.  Why else would you do that?  And you also know - - and that happened more
than once.  And you also know that he
committed indecency with a child by exposure. 
He had to.  She had her hands on
him and had her mouth on him and she had to do it, and you know it was exposed.


 








Gutierrez contends that this shows that the prosecutor was
talking just about the offense on McCauley. 
However, the prosecutor in the argument refers to the fact that this
occurred on more than one occasion.  It
is not apparent that the prosecutor was referring only to the offense occurring
on McCauley.  Although the prosecutor
referred to the date alleged in the indictment as March 1, 2001, the comment,
when considered together with the court=s
charge, did not necessarily refer solely to the offenses committed by Gutierrez
on McCauley.      

Inasmuch as it is impossible to determine from the
record before us whether the act of indecency by exposure for which Gutierrez
was convicted occurred at the same time as the acts of aggravated sexual
assault or indecency with a child by contact for which he was convicted, any
double jeopardy violation is not clearly presented on the face of the
record.  Consequently, any such claim is
not preserved for our review.  We
overrule Gutierrez=s sole
issue on appeal.

The judgment is affirmed.

 

PER CURIAM

 

July 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.